IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSANNE SCROGGINS, CHESTER WILLIAMS, <br><br>             Plaintiffs, <br><br> vs. <br><br> C. R. ENGLAND, INC., a Utah corporation; and ROBERT J. DALY JR., <br><br>             Defendants. | **7:10CV5004** <br><br> **MEMORANDUM AND ORDER** |

The court has conferred with counsel regarding trial scheduling and the plaintiff's pending motion in limine. (Filing No. 166). This memorandum and order memorializes the discussion and the court's position and ruling for the record.

The parties state that with the exception of some requests for admission regarding medical expenses, their discovery is complete. The medical provider depositions for use at trial have been taken and can be submitted to the court within the next ten days for rulings on any objections therein. The court confirmed that the case is scheduled for six trial days.

The court has advised the parties that all other North Platte trials for October have been settled and this case can be tried earlier. An earlier trial date will assist with juror scheduling, will afford the parties a more expeditious decision in this case, and will allow counsel to attend to and move on to other trials or seminars they may need or want to address. The court suggested voir dire and opening statements on October 12, 2012, followed by presentation of evidence the week of October 15, 2012. The parties were encouraged to contact witnesses regarding this scheduling change.

2

As stated to the parties during the conference call, after reviewing the plaintiff's motion in limine, brief, and supporting evidence, and the defendants' responsive brief, the court finds that as to the testimony of defendant Daly, the motion is limine is denied. Provided proper foundation is laid, "negative testimony;" that is, a witness' statement regarding what he or she did <u>not</u> see or perceive (<u>e.g.</u>, illuminated lights or taillights), may be admitted as substantive evidence to prove something did <u>not</u> exist or occur. Wade R. Habeeb, LL.B., Liability or Recovery In Automobile Negligence Action As Affected By Absence or Insufficiency Of Lights On Parked or Standing Motor Vehicle, 61 A.L.R.3d 13 at § 16(b); Dickman v. Hackney, 149 Neb. 367, 374, 31 N.W.2d 232, 237 (1948); Hook v. Payne, 190 N.W. 581, 582 (Neb. 1922); Oliver v. Union Pac. R. Co. 179 N.W. 1017 (Neb. 1920).

Depending on how the evidence is presented at trial, the court cannot currently determine the admissibility of defense expert testimony regarding possible darkening of the plaintiff's taillight lenses, (<u>see</u>, filing no. 168-1, at CM/ECF pp. 27-28). However, this testimony will not be allowed by defense counsel during voir dire or the defendants' opening statement.

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion in limine, (filing no. 166), is denied, subject to the limitation on mentioning a certain portion of the testimony of defense expert, Richard W. Carr, Ph. D., during voir dire and opening statement as set forth in this memorandum and order.

2) The pretrial conference remains scheduled for October 9, 2012 at 10:00 a.m. (CDT).

3) The parties shall, as soon as possible, submit all depositions for use at trial to the undersigned magistrate judge for pretrial rulings on the parties' objections.

4)   Counsel shall confer with their respective parties and witnesses regarding beginning this trial on October 12, 2012, with the presentation of evidence to begin on October 15, 2012, and shall promptly advise the court as to whether the trial can re-scheduled as suggested.

Dated this 24th day of September, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.